CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

OCT 07 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 5:12cr00015-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| JOSHUA SAMUEL KNAFEL, | ) | By: Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

Joshua Samuel Knafel, a federal inmate proceeding *pro se*, filed a motion (Docket No. 90) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking *de novo* review of his judgment in light of Alleyne v. United States, 133 S. Ct. 2151 (2013).[1] The court finds that Knafel's instant motion is, for all intents and purposes, an unauthorized, successive § 2255 motion and, therefore, dismisses it without prejudice.[2]

Knafel challenges his conviction and 96-month sentence for conspiring to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Court records indicate that Knafel previously filed a § 2255 motion regarding the same conviction and sentence, which the court denied. See Docket Nos. 85, 88, and 89. The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet

---

[1] In Alleyne, the Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." 133 S. Ct. at 2163.

[2] Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for reasons of mistake, inadvertence, excusable neglect, or surprise. Rule 60(b) provides grounds for relief from a civil judgment, but is not appropriate to challenge a criminal conviction or sentence. See United States v. Tossie, 18 F. App'x 71 (4th Cir. 2001); United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).
Though Knafel titles his motion as a Rule 60(b) motion, he actually challenges his criminal judgment. The United States Court of Appeals for the Fourth Circuit has specifically held that if a federal inmate, in a closed § 2255 action, attempts to bring a motion under Rule 60(b) that does not fall under the provisions of that rule, the court must address the pleading as a successive § 2255 motion. See United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). Because Knafel is challenging his underlying criminal proceeding, his pleading must be treated as a motion under § 2255.

certain criteria.[3] See § 2255(h). As Knafel has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court must dismiss his motion without prejudice as successive.[4]

ENTER: This 7th day of October, 2014.

/s/ Michael F. Urbanski
United States District Judge

---

[3] The court notes that in United States v. Hairston, No. 12-8096, 2014 U.S. App. LEXIS 10846, 2014 WL 2600057 (4th Cir. June 11, 2014), the Fourth Circuit held that "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." Cf. 28 US.C. § 2255(h). In the instant matter, however, there are no new facts upon which Knafel is relying. Rather, Knafel's claim is based on a change in law that he believes affects his sentence. Accordingly, Hairston is inapplicable in this matter. See e.g., United States v. Norman, No. 14-7088, 2014 U.S. App. LEXIS 18698, 2014 WL 4825246 (4th Cir. Sept. 30, 2014) (district court lacked authority to consider petitioner's Alleyne claims where petitioner had not first obtained permission from the Court of Appeals to file a second or successive 2255 motion).

[4] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. 28 U.S.C. § 2244. A Fourth Circuit form and instructions for filing this motion are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St, Richmond, VA 23219.